## In re GRAY'S ESTATE.

### Administration No. 70570.

United States District Court
District of Columbia.

Nov. 12, 1948.

Jacob Gordon, of Washington, D. C., for petitioner.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D. C. for respondent.

MORRIS, District Judge.

In this proceeding Jacob Gordon was appointed administrator of the estate of Evelyn Gray. Among the debts of the estate is a claim of the District of Columbia, in the amount of $12,691.08, paid for the care and maintenance of the deceased at St. Elizabeths Hospital, in which institution the deceased was an inmate for sometime prior to her death. The deceased was the recipient of a pension in the sum of $40 per month as the widow of an Indian War veteran, which said pension was paid by the Veterans Administration to Earl H. Davis, Esq., as the duly appointed and qualified committee of the said deceased from August 11, 1945, to the date

of her death; prior thereto the pension funds had been deposited at St. Elizabeths Hospital by the Veterans Administration in deceased's pension account; and there is now on deposit in said account at St. Elizabeths Hospital the sum of $3,817.55. Demand was made by the administrator upon the Superintendent of St. Elizabeths Hospital for said sum of money, together with the sum of $16, additional monies claimed to be held by the said St. Elizabeths Hospital to the personal account of deceased. Upon refusal of the Superintendent of said hospital to pay said monies to the administrator, a rule was issued directing said Superintendent to show cause why said monies should not be paid.

In answer to the rule, the Superintendent asserts that, under the applicable statute,[1] any pension funds held by him for the account of the pensioner at the time of her death, and in the absence of any minor children, shall be applied to the general uses of said hospital. He further answers that the $16 held in the personal account of the deceased have been paid to daughters of the deceased. It is the contention of the administrator that, under the provisions of the statute quoted, the pension monies on hand should have been used to pay her board and maintenance in the hospital, and since this was not done, the District of Columbia, which did pay her board and maintenance, should be reimbursed in so far as such funds permit before any balance of said funds are applied to the general uses of said hospital.

The Superintendent relies upon certain decisions of the Comptroller General to the effect that, where maintenance is provided by appropriations of Congress in the case of pensioners at institutions, such maintenance costs are not to be reimbursed out of accumulated pension funds.[2] A close reading of the decisions relied upon, however, disclose that the Comptroller General had reference to a situation where the Congress had made statutory provision for the payment of board and maintenance of the pension inmates of St. Elizabeths Hospital from public or special funds under federal control. Clearly, it was not contemplated by the Congress that, if the District of Columbia paid for the board and maintenance of a pensioner as an indigent person, accumulated pension funds should be used for general purposes of the hospital rather than a reimbursement to the District of Columbia for board and maintenance money which should not have been required or received as payment for an indigent person.

The rule will be made absolute, and the balance of the funds held by the Superintendent of St. Elizabeths Hospital in deceased's pension account will be paid to the administrator for the sole purpose of paying the claim of the District of Columbia, in so far as such funds permit, after deduction for administration expense.

---

[1] 24 U.S.C.A. § 165, 35 Stat. 592. "* * * During the time that any pensioner shall be an inmate of Saint Elizabeths Hospital, all money due or becoming due upon his or her pension shall be paid by the Bureau of Pensions to the superintendent or disbursing agent of the hospital, upon a certificate by such superintendent that the pensioner is an inmate of the hospital and is living, and such pension money shall be by said superintendent or disbursing agent disbursed and used, under regulations to be prescribed by the Secretary of the Interior, for the benefit of the pensioner, and, in case of a male pensioner, his wife, minor children, and dependent parents, or, if a female pensioner, her minor children, if any, in the order named, and to pay his or her board and maintenance in the hospital, the remainder of such pension money, if any, to be placed to the credit of the pensioner and to be paid to the pensioner or the guardian of the pensioner in the event of his or her discharge from the hospital; or, in the event of the death of said pensioner while an inmate of said hospital, shall, if a female pensioner, be paid to her minor children, and, in the case of a male pensioner, be paid to his wife, if living; if no wife survives him, then to his minor children; and in case there is no wife nor minor children, then the said unexpended balance to his or her credit shall be applied to the general uses of said hospital: * * *." Amended by 60 Stat. 1096, in which "Veterans Administration" is substituted for "Bureau of Pensions" and "Federal Security Administrator" is substituted for "Secretary of the Interior." 24 U.S.C.A. § 165.

[2] 15 Decisions of the Comptroller General of the United States 1018.